UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBT EXCHANGE, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-CV-0464-CVE-TLW |
| ) | |
| **FLUID TRADE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is the Motion of Defendant Fluid Trade, Inc. to Stay Proceedings (Dkt. # 18).[1] Defendant Fluid Trade, Inc. (Fluid Trade) asks the Court to stay this case, because Fluid Trade filed a case in the United States District Court for the District of Massachusetts before this case was filed and both cases involve the same legal and factual issues. Debt Exchange, LLC (Debt Exchange) responds that its parent company, Global Client Solutions (GCS), filed a case to compel arbitration of Fluid Trade's related claims against GCS and, due to the status of the case between GCS and Fluid Trade, the Court should not defer to the proceedings in the District of Massachusetts and should deny Fluid Trade's motion to stay.

Debt Exchange filed this case seeking to compel arbitration of a dispute arising under a Software Development, License, System Use and Hosting Agreement (the Agreement) between Debt Exchange and Fluide Trade. Dkt. # 2. The Agreement contains an arbitration provision stating:

---

[1] Also pending are the following motions: Debt Exchange, LLC's Motion to Consolidate Cases and Memorandum of Law in Support (Dkt. # 8); Debt Exchange, LLC's Motion for Summary Judgment and Brief in Support Thereof (Dkt. # 22); and Debt Exchange, LLC's Combined Motion to Dismiss Counterclaim and Brief in Support Thereof (Dkt. # 25).

> If any dispute arising out of or relating to this Agreement, including, without limitation, any dispute regarding the breach or violation hereof or any dispute regarding the conduct of business pursuant to this Agreement, cannot be settled by direct negotiation between the parties within sixty (60) days of either party providing written notice to the other regarding such dispute, such dispute shall be settled by binding arbitration. Any such arbitration shall take place in Tulsa, Oklahoma if such dispute is brought by Licensor [Fluid Trade], or in Boston, Massachusetts if such dispute is brought by Licensee [Debt Exchange], and brought before an arbitrator appointed by the American Arbitration Association.

Id. at 17. However, the arbitration provision does not apply until the party alleging that a breach has occurred gives notice to the other party, provides an opportunity for the breaching party to cure the alleged breach, and escalates the dispute before terminating the Agreement and submitting the dispute to arbitration. Id. at 11-12. In this case, there is no dispute that Debt Exchange provided notice to Fluid Trade of an alleged breach and escalated the dispute before terminating the Agreement. See Global Client Solutions, LLC v. Fluid Trade, Inc., 2010 WL 2690373, *1 (N.D. Okla. July 1, 2010). However, the parties dispute who was obligated to initiate arbitration if an alleged breach was not cured during the pre-arbitration dispute resolution process. Debt Exchange claims that Fluid Trade was obligated to bring arbitration in Tulsa, Oklahoma, because Fluid Trade was the party alleging that Debt Exchange wrongfully terminated the Agreement. Dkt. # 2, at 3. Fluid Trade argues that Debt Exchange could not simply walk away from the Agreement, and Debt Exchange was required to bring arbitration in Boston, Massachusetts to determine if it had the right to terminate the Agreement. Dkt. # 13, at 5.

On July 20, 2010, Debt Exchange filed this case to compel arbitration in Tulsa of the parties' dispute. Dkt. # 2. However, Fluid Trade had already filed an identical case on July 6, 2010 in the District of Massachusetts seeking to compel arbitration of the same issues in Boston. See Fluid Trade, Inc. v. Debt Exchange, LLC, 10-CV-11139 (D. Mass) (Massachusetts Action); Dkt. # 8-1,

at 1-10 (copy of complaint filed in the Massachusetts Action). In both cases, the parties have filed motions to dismiss and/or motions for summary judgment disputing the proper venue for the arbitration of their claims arising under the Agreement. Debt Exchange has filed a motion to stay the Massachusetts Action pending resolution of this case, and Fluid Trade has filed a motion to stay this case pending resolution of the Massachusetts Action. See Dkt. # 18 (Fluid Trade's motion to stay this case); Dkt. # 19-1 (Debt Exchange's motion to dismiss or stay the Massachusetts Action).

These are not the only cases arising out of the parties' dispute. On January 20, 2010, Fluid Trade filed a case in Massachusetts state court, Fluid Trade, Inc. v. Global Client Solutions, LLC and Donald Airey, SUCV2010-00248-BLS2 (Suffolk County Superior Ct, Massachusetts). GCS is the parent company of Debt Exchange, and Fluid Trade alleges, inter alia, that GCS encouraged Debt Exchange to make a false claim of breach and terminate the Agreement. Fluid Trade also claims that GCS enticed Donald Airey, Fluid Trade's former Chief Technology Officer, to breach his employment contract and provide protected information to GCS about the software program which is the subject of the Agreement. See Global Client Solutions, 2010 WL 2690373 at *2. GCS filed a case in this Court to compel arbitration of Fluid Trade's claims against it. Global Client Solutions, LLC v. Fluid Trade, Inc., 10-CV-123-CVE-TLW (N.D. Okla.). Fluid Trade filed a motion to dismiss asserting that the proper venue for arbitration was Boston, that GCS lacked standing to compel arbitration, and that Fluid Trade's claims against GCS in the state court action were not arbitrable. Global Client Solutions, LLC v. Fluid Trade, Inc., 10-CV-123-CVE-TLW (N.D. Okla.), Dkt. # 15, at 1-2. In the alternative, Fluid Trade asked the Court to stay the case under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). The Court denied

Fluid Trade's motion to dismiss and also denied Fluid Trade's alternative motion to stay the case. See Global Client Solutions, 2010 WL 2690373.

Fluid Trade asks the Court to stay this case, because the Massachusetts Action is the first-filed case and this Court should defer consideration of this case until the Massachusetts Action is completed. Dkt. # 18, at 1-2. "The rule is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965). The first to file rule generally applies when the party seeking a stay shows that three conditions are satisfied: "(1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues." Shannon's Rainbow, LLC v. Supernova Media, Inc., 683 F. Supp. 2d 1261, 1278 (D. Utah 2010). The Court must look to the filing date of the complaints in both cases to determine which case was filed first. Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982). However, the first-filed rule is not mandatory and, instead, is a general rule of deference in cases involving overlapping parties and issues. See Cherokee Nation v. Nash, ___ F. Supp. 2d ___, 2010 WL 2690368 (N.D. Okla. Jul. 2, 2010); see also O'Hare Int'l Bank v. Lambert, 459 F.2d 328, 331 (10th Cir. 1972) ("The rule of comity is a self-imposed restraint upon an authority actually possessed. The abstention doctrine is not an automatic rule; it rather involves a discretionary exercise of the court's equity powers where there exist special circumstances prerequisite to its application on a case-by-case basis.").

Debt Exchange argues that the first-filed rule is discretionary and the Court should decline to apply the rule in light of the pending case between Fluid Trade and GCS. Debt Exchange states that this Court is the only court that has undertaken any analysis of the arbitration provision or made

any substantive ruling in any of the pending cases, and the Court need not defer to the proceedings in the District of Massachusetts. Dkt. # 26, at 1-2. Although the Court has ruled on Fluid Trade's motion to dismiss in Global Client Solutions, the dispute between Fluid Trade and GCS is a separate matter involving distinct factual and legal issues that are not present in this case. In particular, the key issue remaining for adjudication in Global Client Solutions is GCS's standing to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. In contrast, the primary issue in dispute in this case is the location where arbitration should occur under the arbitration provision of the Agreement. The fact that there is a separate dispute between Fluid Trade and GCS has no impact on this Court's decision to stay this case.

The Court finds that this case should be stayed until the Massachusetts Action is resolved. The Massachusetts Action is the first-filed case as to Fluid Trade and Debt Exchange and involves factual and legal issues identical to this case. The District of Massachusetts was the first court to obtain jurisdiction over this dispute, and the parties have engaged in extensive motion practice in that court. There is no dispute that the District of Massachusetts has jurisdiction to determine if arbitration provision applies to the parties' dispute and whether arbitration should be brought in Boston. Although Debt Exchange argues that the arbitration provision requires the parties to arbitrate in Tulsa, it may raise that argument in the Massachusetts Action and the District of Massachusetts may decline to order arbitration in Boston if it finds that Debt Exchange's interpretation of the arbitration provision is correct. It would be a waste of judicial resources for two federal district courts to hear the same dispute between the same parties, and this situation fits squarely within the general rule that the second district court to obtain jurisdiction over a matter should defer to the district court where the first-filed case is pending.

**IT IS THEREFORE ORDERED** that the Motion of Defendant Fluid Trade, Inc. to Stay Proceedings (Dkt. # 18) is **granted**.

**IT IS FURTHER ORDERED** that this case is **stayed** pending resolution of the Massachusetts Action. The parties are directed to notify this Court within five (5) days of a final order or judgment in the Massachusetts Action and file a copy of such order in this case.

**IT IS FURTHER ORDERED** that Debt Exchange, LLC's Motion to Consolidate Cases and Memorandum of Law in Support (Dkt. # 8) is **denied** due to the stay of proceedings in this case.

**IT IS FURTHER ORDERED** that Debt Exchange, LLC's Motion for Summary Judgment and Brief in Support Thereof (Dkt. # 22) and Debt Exchange, LLC's Combined Motion to Dismiss Counterclaim and Brief in Support Thereof (Dkt. # 25) are **denied** without prejudice to refiling if and when the stay is lifted.

**DATED** this 24th day of September, 2010.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE